IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Andre Franz Lindsay, | ) | Criminal Case No.: 4:00-cr-00603-JD-9 |
| | ) | Civil Action No.: 4:23-cv-03398-JD |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the motion of Petitioner Andre Franz Lindsay ("Petitioner" or "Lindsay") for relief under 28 U.S.C. § 2255 ("Section 2255 Petition") from his prior state and criminal convictions.[1] (DE 497.) Petitioner alleges he is now the subject of deportation proceedings under the Immigration and Nationality Act based on his federal and state convictions. To that end, Petitioner seeks an order from this Court vacating his federal and state convictions to avoid deportation. The Respondent United States of America ("Respondent" or "Government") opposes Lindsay's motion[2], arguing, among other things, that it is improper under 28 U.S.C. § 2255 because "Lindsay is out of custody and his supervised release has long since been terminated in the federal case in which he filed his petition." (DE 503, p. 3.)

---

[1] Petitioner pleaded guilty in federal court to a drug conspiracy charge and was sentenced to 210 months imprisonment and 5 years supervised release in 2001. (DE 159, DE 193.) It also appears from Petitioner's filings that he was convicted in South Carolina state court of several offenses, including possession of crack cocaine in 1996 and 1997 and strong-arm robbery in 1997. (DE 497, pp. 3-4.)

[2] Although the Government's response to Petitioner's motion was due on August 17, 2023, the Government filed a Motion for Extension to Respond of fourteen days on August 24, 2023, and later filed its response on August 25, 2023. The Court deems the response as timely and terminates the motion as moot without further discussion.

1

After reviewing the motion and memoranda submitted, the Court denies Petitioner's motion for relief under 28 U.S.C. § 2255 for the reasons below.

## BACKGROUND

In late 2000, Lindsay was charged in federal court with a drug conspiracy. (DE 20.) He pleaded guilty to that charge in April 2001 and was sentenced in September 2001 to 210 months imprisonment and five years supervised release. (DE 159, 193.) In September 2005, his sentence was reduced to 174 months. (DE 278.) After serving his time in the Bureau of Prisons, he was released from incarceration and terminated from supervised release on August 27, 2014. (DE 484.) On July 17, 2023, about nine years after completing his federal sentence, Lindsay filed the instant Section 2255 Petition to vacate his convictions. (DE 497, p. 13.) He is housed at Folkston ICE Processing Center pending removal proceedings. (Id. at 2.)

## DISCUSSION

Lindsay filed the instant Section 2255 Petition alleging "ineffective assistance of counsel" and seeking "to withdraw his guilty plea and grant him a new trial." (DE 497, p. 13.) Lindsay further alleges he "was not made aware of the negative immigration consequences of his guilty plea until recently." (Id. at 12.) In response to Petitioner's motion, the Government contends this court should dismiss the motion because "Lindsay is out of custody and his supervised release has long since been terminated in the federal case in which he filed his petition." (DE 503, p. 3); see also Maleng v. Cook, 490 U.S. 488 (1989). Further, the Government contends, "[t]he fact that he has been detained in an Immigration and Customs Enforcement detention center for removal proceedings is a matter that is separate and distinct from his federal sentence." (DE 503, p. 3.) This Court agrees.

Under Section 2255(a), a prisoner must be "in custody under sentence of a court established by Act of Congress claiming the right to be released." 28 U.S.C. § 2255(a). In Maleng, the Supreme Court analyzed what "in custody" means under the general habeas statute, 28 U.S.C. § 2241. 490 U.S. 488, 490-94. Although the Court explained that a defendant does not have to be physically confined to challenge his sentence on habeas corpus (e.g., you can file a habeas motion while out on supervised release), it held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492. Here, it is undisputed that Lindsay is out of custody, and his supervised release was terminated about nine years ago in the federal case in which he filed his petition. Lindsay is therefore no longer "in custody" on his federal conviction within the meaning of Section 2255(a), and this Court lacks jurisdiction to entertain the petition.[3] See Maleng, 490 U.S. at 490. Accordingly, after a thorough review of the motion and the record, the Court dismisses the Petitioner's motion.

It is, therefore, **ORDERED** that Petitioner's Motion for Relief From Convictions under 28 U.S.C. § 2255 is denied. Further, it **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina
January 25, 2024

Joseph Dawson, III
United States District Judge

---

[3] Even if this Court had jurisdiction under Section 2255, the Court could not otherwise afford Petitioner the relief he seeks because the deportation is based, at least in part, on state court convictions unrelated to his federal court conviction. That said, this Court declines to address this matter further, given this ruling.

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4:00-cr-00603-JD     Date Filed 01/25/24     Entry Number 506     Page 4 of 4